Mr. Justice Merrick
delivered the opinion of the court.
This is an appeal taken from an order of the circuit court vacating a judgment by default for want of a plea, on the fourth day of the succeeding term, and allowing the defendant to plead to the merits of the action.
It is contended, on the part of the appellant, that the judgment was obtained under the 73d rule of court which provides for judgments by default in actions ex contractu where there has been an affidavit to the cause of action, and that it does not come within the terms of the 73d rule, but that the only mode of vacating a judgment, rendered under the 73d rule, is under the provisions of the 90th rule.
But it seems that the judgment could not have been rendered in this case under the 73d rule ; that is, for want of a plea and affidavit of defence, for it was simply a judgment by default for want of a plea. It fell, therefore, entirely within the provisions of the 72d rule, which allows a motion to be made to strike out a judgment by default for want of appearance at any time within four days of the next succeeding term where the pleas are presented in proper' form with a proper affidavit of merits.
That was doné in this case. Within the first four days of the succeeding term the defendant came into court and complied with the requirement of the rule by offering his plea supported by a sufficient affidavit.
The court is of opinion that, under such circumstances, the case falls within the 72d rule. If the judgment had been because the plea was without an affidavit of defence, or because the affidavit was insufficient under the requirement of the 73d rule, then the judgment could not have been struck out except for cause shown in the manner provided in the 90th rule. But the judgment, as a *489 judgment by default for want of a plea, stood entirely witliin the letter as well as the spirit of rule 12, just as in any other case of default for want-of a plea. So that the party was entirely within time and it is nothing more than right and just that, in conformity with the terms and the spirit of the rule, he should have leave to plead and make the substantial defence which he has sworn is capable of being made in the case. The judgment below is therefore affirmed. Perhaps it might be proper to say that inasmuch as the application was to the discretionary power of the court, it is not an appealable case at all but that the appeal ought to be dismissed.